**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-2260**

_____

ABDINASIR MOHAMED,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals (A79-470-524)

_____

Submitted: April 15, 2005          Decided:  July 28, 2005

_____

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

_____

Petition granted; remanded by unpublished per curiam opinion.

_____

Bruce J. Godzina, Houston, Texas, for Petitioner. Peter D. Keisler,
Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant
Director, John S. Davis, Associate Deputy Attorney General,
Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Abdinasir Mohamed, a native and citizen of Somalia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons discussed below, we grant the petition for review.

Because the immigration judge found that Mohamed suffered past persecution in Somalia due to his clan membership, he was entitled to a presumption that he has a well-founded fear of future persecution. See 8 C.F.R. § 1208.13(b)(1) (2005). The regulations provide that the Government may rebut this presumption by showing by a preponderance of the evidence either that: (1) "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality," or (2) "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . and under all the circumstances, it would be reasonable to expect the applicant to do so." § 1208.13(b)(1)(i)(A), (B). In determining whether it would be reasonable to expect an applicant to relocate to another part of his country of nationality, an adjudicator should consider whether he would face other serious harm in the area of suggested relocation such as "any ongoing civil strife within the country;

- 2 -

administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13(b)(3) (2005). The regulations provide that these factors "are not necessarily determinative of whether it would be reasonable for the applicant to relocate." (Id.).

Here, although the immigration judge's opinion stated that the burden shifted to the Government to prove that "it would be more likely than not that . . . the political situation is so changed that [Mohamed] would not fear persecution if returned to Somalia," indicating that the judge intended to analyze whether the Government had met its burden of proof pursuant to 8 C.F.R. § 1208.13(b)(1)(i)(A), we find that the immigration judge actually analyzed whether the Government met its burden of proof under § 1208.13(b)(1)(i)(B). Specifically, the immigration judge found that the Government met its burden of showing that Mohamed could avoid future persecution by relocating to Puntland, a portion of northeastern Somalia that is controlled by Mohamed's own clan.

As clearly provided by the regulations, however, the Government must do more than show that Mohamed can avoid persecution by returning to Puntland; it must also demonstrate that it is reasonable to expect him to do so. See 8 C.F.R. § 1208.13(b)(1)(i)(B), (b)(1)(ii). We find that consideration of the factors set forth in 8 C.F.R. § 1208.13(b)(3) is particularly

important in Mohamed's case, given the instability in Somalia and the fact that Mohamed's family now resides in the United States and he has not lived in Somalia since the age of ten. As noted by the Eighth Circuit, "[t]he relocation inquiry is inherently complex in Somali asylum cases because there is no central government and local conditions reportedly depend on the effectiveness of regional clan-based authorities." Awale v. Ashcroft, 384 F.3d 527, 531 (8th Cir. 2004). As in Awale, "[n]either the IJ nor the BIA opinion acknowledged this complexity." Id.

Accordingly, we grant the petition for review and remand the case to the Board for a determination of whether the Government met its burden of establishing that, under all the circumstances, it is reasonable to expect Mohamed to relocate to Puntland. In making such a determination, the Board should take into consideration the factors set forth in 8 C.F.R. § 1208.13(b)(3).[1] Because the immigration judge denied Mohamed's request for withholding of removal on the ground that, as he failed to qualify for asylum, he could not meet the higher standard necessary for withholding of removal, we also remand the request for withholding

---

[1]Although Mohamed contends in his brief that the immigration judge erred in finding that he had a safe haven in Kenya and Ethiopia, we cannot consider this alternate ground as the Board specifically declined to address it in its order. See INS v. Ventura, 537 U.S. 12, 17-18 (2002). We note that the Board is free to consider this alternate finding on remand, which may obviate the need for a determination as to whether it is reasonable to expect Mohamed to relocate. We express no opinion as to the merits of this alternate ground.

of removal to the Board for further consideration.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION GRANTED;
REMANDED

---

[2]Mohamed's brief merely asserts, without supporting argument, that the immigration judge erred in denying him protection under the Convention Against Torture.  He has therefore waived appellate review of this claim.  See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).